**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

———————

No. 05-9005

IN RE:  TREMONT TOWER CONDOMINIUM LLC,

Debtor,

———————————

WILLIAM T. MATT, ET AL.,

Appellants,

v.

LEHMAN BROTHERS HOLDINGS, INC., ET AL.,

Appellees.

———————

ON APPEAL FROM THE UNITED STATES BANKRUPTCY APPELLATE PANEL
FOR THE FIRST CIRCUIT

———————

Before

Boudin, <u>Chief Judge</u>,
Campbell and Stahl, <u>Senior Circuit Judges</u>.

———————

<u>William T. Matt</u> on brief pro se.
<u>Seth H. Salinger</u> on brief for the appellants WT Matt Development Corp., and WT Matt Holding LLC.
<u>Andrew M. Troop</u>, <u>Christopher M. Mirick</u> and <u>Weil, Gotshal & Manges LLP</u> on brief for appellees Lehman Brothers Holdings, Inc., and Tremont Tower Residences LLC.

———————

April 3, 2006

———————

**Per Curiam**.  William Matt, WT Matt Holding, LLC and WT Matt Development Corporation appeal from decisions by the Bankruptcy Appellate Panel (BAP), which dismissed their appeal from a bankruptcy court decision and denied rehearing.  We dismiss the appeal by William Matt and reject the appeal by the corporate appellants as meritless.  We also address a pending motion by the appellees.

Insofar as Matt is concerned, we agree substantially with the reasoning by the BAP, which concluded that he lacks standing to pursue the appeal.  Thus, his appeal should be dismissed.  Spenlinhauer v. O'Donnell, 261 F.3d 113, 118 (1st Cir. 2001).

Regarding the corporate appellants, we find no error or abuse of discretion by the BAP, which reasonably dismissed the appeal and denied rehearing.  As the BAP said, the companies failed to timely have an attorney enter an appearance on their behalf.  In addition, Matt, who had urged -- essentially up to the time of oral argument -- that he should be allowed to represent his companies, failed to raise on appeal the only appellate issue the companies had.  Neither his statement of issues nor his brief alleged that the bankruptcy court had erred in striking their pleadings for lack of representation.

In any event, even if the BAP had considered the merits of the appellants' appeal, it is plain that it would have

affirmed the bankruptcy court and that this court, in its turn, would have done the same. The bankruptcy court properly struck the companies' pleadings because they had not been filed by an attorney. See In re Las Colinas Development Corp., 585 F.2d 7, 11 (1st Cir. 1978) (confirming the general rule that a corporate entity may not pursue litigation except through an attorney).

Appellees Lehman Brothers Holdings, Inc. and Tremont Tower Residences, LLC, move to amend the caption of this appeal to list only them as appellees. We grant their motion. The other persons named in the caption are defendants in the adversary proceeding, but not appellees to this appeal.

We dismiss the appeal by William Matt and affirm the BAP's February 10, 2005 decision dismissing the corporate appellants' appeal and its March 10, 2005 order denying rehearing. We grant the motion to amend the caption as indicated herein.